NO. 12-02-00081-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




§
 APPEAL FROM THE 8TH



IN THE INTEREST OF S.T.G., §
 JUDICIAL DISTRICT COURT OF

A CHILD


§
 HOPKINS COUNTY, TEXAS






PER CURIAM


 Kelly is the biological mother of S.T.G., a minor child. On January 8, 2002, the trial court
signed an order terminating the parent-child relationship between Kelly and S.T.G. On January 11,
2002, Kelly filed a motion for new trial, which was overruled by operation of law. On March 6,
2002, she filed a notice of appeal.

 Kelly's brief was originally due on August 5, 2002. By way of extension, the deadline was
extended to November 22, 2002. The clerk of this court (the "appellate clerk") received Kelly's brief
on November 25, 2002. The brief does not include an appendix and therefore fails to comply with
Texas Rules of Appellate Procedure 38.1(j). (1) By letter from the appellate clerk dated November 25,
2002, Kelly was advised that her brief fails to comply with Rule 38.1(j) and was directed to file a
supplemental brief on or before December 2, 2002. Kelly was further advised that if no
supplemental brief were filed, the brief would be returned and deemed past due and the case would
be presented to the court for dismissal. 

 Requisites of appellate briefs are set forth in Rule 38. Rule 38.1(j) provides that unless
voluminous or impracticable, an appellate brief must include an appendix that contains a copy of:



 the trial court's judgment or other appealable order from which relief is sought;




 the jury charge and verdict, if any, or the trial court's findings of facts and conclusions of
law, if any; and

 the text of any rule, regulation, ordinance, statute, constitutional provision, or other law
(excluding case law) on which the argument is based, and the text of any contract or other
document that is central to the argument. 



In the event a brief does not comply with Rule 38, an appellate court may require amendment,
supplementation, or redrawing. See Tex. R. App. P. 38.9(a). Failure to take corrective action by an
appellant whose brief remains in noncompliance with Rule 38 may result in appropriate action by
the appellate court, including proceeding as if the offending party failed to timely file a brief. Id. 
If an appellant in a civil case fails to timely file a brief, one option available to the appellate court
is to dismiss the appeal for want of prosecution. Tex. R. Civ. P. 38.8(a)(1).

 In the case at hand, Kelly has neither filed a supplemental brief nor responded to the appellate
clerk's notice regarding the deficiency. Therefore, we consider Kelly's brief as untimely filed. The
appeal is dismissed for want of prosecution.

Opinion delivered December 11, 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.























(DO NOT PUBLISH)









COURT OF APPEALS


TWELFTH COURT OF APPEALS DISTRICT OF TEXAS


JUDGMENT



DECEMBER 11, 2002



NO. 12-02-00081-CV



IN THE INTEREST OF S.T.G.,


A CHILD





 Appeal from the 8th Judicial District Court


 of Hopkins County, Texas. (Tr.Ct.No. CV33648)








 THIS COURT, upon examination of Appellant's brief filed in this cause,
determined that the requirements of Texas Rule of Appellate Procedure 38.1(j) were not
complied with and the court, in accordance with Rule 42.3, having given notice to all parties of
such defect and allowing Appellant until December 2, 2002 to file a supplemental brief , and
having received none, the court is of the opinion the appeal should be dismissed for want of
prosecution. 

 Therefore, it is ORDERED, ADJUDGED and DECREED that this appeal
be, and the same is, hereby Dismissed for Want of Prosecution. All costs of this appeal are
hereby adjudged against the Appellant Chaka Kelly, for which let execution issue and this
decision be certified to the court below for observance.

 By per curiam opinion.

 Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.


THE STATE OF TEXAS


M A N D A T E


TO THE 8TH JUDICIAL DISTRICT COURT OF HOPKINS COUNTY, GREETINGS:


 Before our Court of Appeals for the 12th Court of Appeals District of Texas, on the 11th
day of December, 2002, the cause upon appeal to revise or reverse your judgment between


IN THE INTEREST OF S.T.G., A CHILD



NO. 12-02-00081-CV and Tr. Ct. Case Number CV33648



Opinion by Per Curiam.




was determined; and therein our said Court made its order in these words:

 THIS COURT, upon examination of Appellant's brief filed in this cause, determined that
the requirements of Texas Rule of Appellate Procedure 38.1(j) were not complied with and
the court, in accordance with Rule 42.3, having given notice to all parties of such defect and
allowing Appellant until December 2, 2002 to file a supplemental brief , and having received none,
the court is of the opinion the appeal should be dismissed for want of prosecution. 


 Therefore, it is ORDERED, ADJUDGED and DECREED that this appeal be, and the same
is, hereby Dismissed for Want of Prosecution. All costs of this appeal are hereby adjudged
against the Appellant Chaka Kelly, for which let execution issue and this decision be certified
to the court below for observance.


 WHEREAS, YOU ARE HEREBY COMMANDED to observe the foregoing order of said
Court of Appeals for the Twelfth Court of Appeals District of Texas in this behalf, and in all things
have it duly recognized, obeyed, and executed.


 WITNESS, THE HONORABLE JAMES T. WORTHEN, Chief Justice of said Court of
Appeals for the Twelfth Court of Appeals District, with the Seal thereof affixed, at the City of Tyler,
this the ______ day of __________________, 200_.


 CATHY S. LUSK, CLERK



 By:_______________________________

 Deputy Clerk 

1. All rule references are to the current version of the Texas Rules of Appellate Procedure.